## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **HARLAND SWEDE LARSON,** | **REPORT & RECOMMENDATION** |
| **Plaintiff,** | |
| **v.** | **Case No. 2:19-cv-00463** |
| **GRAND CANYON UNIVERSITY, et. al.,** | **District Court Judge Dee Benson** |
| **Defendants.** | **Magistrate Judge Dustin B. Pead** |

Plaintiff Harland Swede Larson filed his pro se complaint on July 3, 2019. (ECF No. 3.) The Court approved Plaintiff's application to proceed *in forma pauperis*. (ECF No. 2); *see* 28 *id.* § 1915, and Plaintiff filed his *pro se* complaint on July 3, 2019. (ECF No. 3.) Currently pending. are Mr. Larson's "Ex Parte Motion for Alternative Service" (ECF No. 5), "Ex Parte Motion for Order" (ECF No. 6) and "Motion for Service of Process" (ECF No. 7.)  Both motions are before this court pursuant to a 28 U.S.C. § 636 (b)(1)(B) referral from District Court Judge Dee Benson. (ECF No. 4.)

 This court "must, sua sponte, satisfy itself of its power to adjudicate in every case and at every stage of the proceedings." *State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1270–71 (10th Cir. 1998) (quoting *Tafoya v. U.S. Dep't of Justice*, 748 F.2d 1389, 1390 (10th Cir. 1984)). As the party invoking federal subject matter jurisdiction, Mr. Larson has the burden of establishing that jurisdiction exists. *Penteco Corp. Ltd. P'ship—1985A v. Union Gas Sys.,*

*Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991). Because Mr. Larson is *pro se*, the court has carefully reviewed the complaint with an eye toward liberally construing his pleading. *See Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994).

Yet, after thorough review, the court cannot identify any basis for this court's jurisdiction. The complaint names twenty-two Defendants, including the State of Arizona, Arizona Court of Appeals and the Arizona Supreme Court. The basis for the allegations appears to stem from rulings and orders issued by the Arizona State Courts in a case (or cases) brought by Grand Canyon University against Mr. Larson. *See* (ECF No. 3 at 10) ("Specifically instigating action in Arizona GRAND CANYON UNIVERSITY made it impossible for Swede to defend himself . . . ."); (ECF No. 3 at 11) ("On December 19, 2018 Judge DAVID PALMER created a Minute Entry (unsigned order) awarding attorney fees to the plaintiff in the original action."); (ECF No. 3 at 13-14) (Plaintiff "has requested that the ARIZON APPELLATE COURT to address the fact that the MARICOPA SUPERIOR COURT is attempting to assert jurisdiction beyond it's authority, it is in breach of constitutional guidelines, and the original action has NO basis in law."); (ECF No. 3 at 17) (Plaintiff "would like to request the following from The UNITED STATES DISTRICT COURT FOR THE DISCTRICT [sic] OF UTAH directing the courts of Arizona to cease and desist their attempt to assert authority within the jurisdiction, i.e. geographical boundaries of the courts in Utah.).

The federal District Court of Utah is not the proper forum to challenge rulings issued by Arizona's state courts. "The *Rooker*-Feldman doctrine establishes, as a matter of subject-matter jurisdiction, that only the United States Supreme Court has appellate authority to review a state-

court decision." *Merrill-Lynch Bus. Fin. Servs. v. Nudell,* 363 F.3d 1072, 1074-75 (10th Cir.

2004) (footnote omitted). Indeed, the review of state court rulings and judgments is within the

Supreme Court of the United States' exclusive jurisdiction. *See District of Columbia Court of*

*Appeals v. Feldman*, 460 U.S. 462, 476, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983); *Bolden v. City*

*of Topeka*, 441 F.3d 1129, 1140 (10th Cir. 2006) ("The *Rooker-Feldman* doctrine prohibits

federal suits that amount to appeals of state-court judgments."); *see also* 28 U.S.C. § 1257(a)

(providing the Supreme Court has jurisdiction to review "[f]inal judgments or decrees rendered

by the highest court of a State in which a decision could be had"). Here, if this court were to

adjudicate Plaintiff's claims, it would effectively act as an appellate court reviewing the Arizona

state courts' proceedings.

      For these reasons, the court lacks subject matter jurisdiction over this action.

Accordingly, the court RECOMMENDS that this action be dismissed without prejudice.

      Copies of the foregoing Report and Recommendation are being sent to all parties who are

hereby notified of their right to object. Within fourteen (14) days of being served with a copy,

any party may serve and file written objections. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b).

Failure to object may constitute a waiver of objections upon subsequent review.

      SO ORDERED this 6th day of August, 2019.

                      BY THE COURT:

                      _____

                      Dustin B. Pead
                      U.S. Magistrate Judge