IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| HARLAND SWEDE LARSON,<br><br>Plaintiff,<br><br>vs.<br><br>GRAND CANYON UNIVERSITY, et al.,<br><br>Defendants. | ORDER ADOPTING REPORT &<br>RECOMMENDATION<br><br><br><br>Case No. 2:19cv463<br>Judge Dee Benson |

Before the court is the Report and Recommendation issued by United States Magistrate Judge Dustin B. Pead on August 6, 2019, recommending that this action be dismissed without prejudice.

The parties were notified of their right to file objections to the Report and Recommendation within fourteen (14) days after receiving it. On August 8, 2019, Plaintiff filed a "Motion for Reconsideration, Motion to Amend."[1] (Dkt. No. 10.) On August 9, 2019,

---

[1] The court finds that Plaintiff's "Motion for Reconsideration, Motion to Amend" is simply a motion to amend. The motion fails to identify any grounds for reconsideration and requests only permission to "amend[ ] the complaint to remedy the defects listed in the recommendation to dismiss without prejudice." (Dkt. 10 at 2.) Although Plaintiff does not include a proposed amended complaint, he nevertheless identifies the claims he intends to pursue if allowed to amend. (*See id.*)

1

Plaintiff filed an "Objection to Report and Recommendation." (Dkt. No. 11.)

The court has reviewed Plaintiff's Objection to Report and Recommendation as well as Plaintiff's Motion to Amend and finds that both filings raise the same jurisdictional arguments. Specifically, Plaintiff asserts: (1) that the state courts of Arizona do not have jurisdiction over him and could not, therefore, enter rulings and judgments against him in the Arizona state court action that Grand Canyon University filed against him; and (2) that this court, the federal district court in Utah, does have jurisdiction over Plaintiff's *pro se* lawsuit against Grand Canyon University, the state courts of Arizona, and numerous others, and thus this court can provide the remedy he seeks (a declaration or order from the United States District Court stating that "[t]he orders of the [Maricopa Superior Court in Arizona] have no weight in law given their lack of jurisdiction"). (*See* Dkt. 10 at 2; Dkt. 11 at 2.)

Additionally and more importantly, the court finds that the arguments presented in Plaintiff's Objection and Motion to Amend are the same arguments set forth in Plaintiff's original Complaint[2] and the same arguments that are thoroughly addressed in Magistrate Judge Pead's Report and Recommendation. For example, the Report and Recommendation explains:

> The District Court of Utah is not the proper forum to challenge rulings issued by Arizona's state courts. "The *Rooker-Feldman* doctrine establishes, as a matter of subject-matter jurisdiction, that only the United States Supreme Court has appellate authority to review a state-court decision." *Merrill-Lynch Bus. Fin.*

---

[2] In the initial Complaint, Plaintiff requests "that the ARIZONA APPELLATE COURT [ ] address the fact that the MARICOPA SUPERIOR COURT is attempting to assert jurisdiction beyond it's [sic] authority, it is in breach of constitutional guidelines, and the original [Arizona state court] action has NO basis in law." (Dkt. 3 at 13-14.) And, with regard to Plaintiff's requested relief, the Complaint seeks a declaration or order from the United States District Court in Utah "directing the courts of Arizona to cease and desist their attempt to assert authority within the jurisdiction, i.e. geographical boundaries of the courts in Utah." (*Id.* at 17.)

> *Servs. v. Nudell*, 363 F.3d 1072, 1074-75 (10th Cir. 2004) (footnote omitted).
> Indeed, the review of state court rulings and judgments is within the Supreme
> Court of the United States' exclusive jurisdiction. *See District of Columbia Court
> of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Bolden v. City of Topeka*, 441
> F.3d 1129, 1140 (10th Cir. 2006) ("The *Rooker-Feldman* doctrine prohibits federal
> suits that amount to appeals of state-court judgments."); *see also* 28 U.S.C. §
> 1257(a) (providing the Supreme Court has jurisdiction to review "[f]inal
> judgments or decrees rendered by the highest court of a State in which a decision
> could be had"). Here, if this court were to adjudicate Plaintiff's claims, it would
> effectively act as an appellate court reviewing the Arizona state courts'
> proceedings. For these reasons, the court lacks subject matter jurisdiction over
> this action.

(Dkt. 8 at 2-3.)

Having reviewed all relevant materials, including Plaintiff's objection, Plaintiff's motion to amend, and the reasoning set forth in the magistrate judge's Report and Recommendation, the Court agrees with the analysis and conclusion of the magistrate judge, recommending that Plaintiff's Complaint should be dismissed without prejudice. In addition, the court concludes that Plaintiff's motion to amend should also be denied. Allowing Plaintiff to file an amended complaint, based on the same arguments set forth in the initial complaint and in his objections to the Report and Recommendation, would be futile for the reasons set forth in the Report and Recommendation. *See Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) (providing that the court may exercise its discretion to deny a motion to amend upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by previously allowed amendments, or futility of the amendment); *see, e.g., Bauchman v. West High School*, 132 F.3d 542, 559 (10th Cir. 1997) (upholding denial of motion to amend where claims with no material differences had already been dismissed).

Accordingly, the court ORDERS as follows:

1. The United States Magistrate Judge's Report and Recommendation is hereby adopted, and this action is DISMISSED without prejudice;

2. Plaintiff's Motion to Amend (Dkt. 10) is DENIED;

3. Plaintiff's Motion for Service of Process by Publication (Dkt. 5), Ex Parte Motion for Order (Dkt. 6), and Motion for Service of Process (Dkt. 7) are DENIED as MOOT.

DATED this 2nd day of October, 2019.

_____
Dee Benson
United States District Judge